UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHNATHAN RICE,

        Plaintiff,

    -v-

SARGEANT ANDRUS, CAPTAIN ROBINSON,
DOCTOR JOHN DOE, OFFICER JOHN DOE,
OFFICER JOHN DOE, OFFICER JOHN DOE,
OFFICER JOHN DOE,

        Defendants.

**DECISION AND ORDER**
10-CV-0001M



---

## INTRODUCTION

Plaintiff, Johnathan Rice, an inmate of the Southport Correctional Facility, who was incarcerated at the Orleans Correctional Facility at the time of the events alleged in the complaint (January 17-January 24, 2007), has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos 2 and 5). Plaintiff also filed a motion for appointment of counsel which, at this time, is denied as premature.[1]

Plaintiff claims that on January 17, 2007, on the C-1 Gallery during the noon time meal, he found parts of a dead mouse in his food and began screaming

---

[1] A more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's application is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. See *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

for assistance. (Docket No. 1, Complaint, Section 5A, Second Claim, at 5-6, and attached sheet of paper entitled: "[T]his is a continuation of the complaint" ("attachment").) In response to the screaming, defendant Andrus and four John Doe Correctional Officers came to plaintiff's cell and, when he told them what he had found, they laughed at him, made comments like "did [you] get enough," how did it taste," and he should go on the show "Fear Factor," and told him that if he complained about this it would be worse the next time. He requested medical attention, which he did not receive, and approximately 45 minutes later the four John Doe Correctional Officers returned and escorted him to another cell where they hand-cuffed and assaulted him. Andrus then filed a false misbehavior report against plaintiff alleging that he killed the mouse and placed it in his food to cause a disturbance on the Gallery. (Complaint, Exh.- Inmate Misbehavior Report, dated Janaury 18, 2007.)[2] Following a Superintendent's Hearing, Captain Robinson "maliciously" found plaintiff guilty of the false charges and sentenced him to 366 days in the Special Housing Unit, loss of privileges, and a recommended loss of good time. (Complaint, Section 5A, First Claim, at 4-5, attachment, and Exh.- Superintendent's Hearing Disposition Report, dated January 24, 2007.) Plaintiff claims that the false misbehavior report submitted by Andrus and the finding of guilt by Robinson on the false charges were to cover up for the conduct of the

---

[2] "[T]he court may consider facts set forth in exhibits attached as part of the complaint as well as those in the formal complaint itself." Chance v. Armstrong, 143 F.3d 698, 698 n.1 (2d Cir. 1998); see Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) ("the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").

2

staff on January 17, 2007. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, some of plaintiff's claims are hereby dismissed, some of the claims are sufficient as pled, and others must be dismissed under 28 U.S.C. § 1915(e)(2)(B) unless plaintiff files an amended complaint as directed below.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v.*

3

*Padus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that some of plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted. In addition, the Court finds that some of plaintiff's claims must be dismissed unless plaintiff

files an amended complaint as directed below, and that some of the claims may proceed.

## A. Plaintiff's Claims

Initially, the Court notes that the complaint refers to certain defendants in the complaint whom are not named in the caption--Dr. Bush, and Officers Buchan and Webster. Accordingly, the Clerk of the Court will be directed to add these defendants to the caption of this action as defendants. However, as discussed below, the complaint either fails to allege any conduct in which these defendants engaged (Buchan and Webster) or fails to state a claim against them even where certain conduct is alleged (Bush).

### 1. Filing of False Misbehavior Report: Defendant Andrus

Plaintiff alleges that Sergeant Andrus filed a false misbehavior report against him in order to cover-up the conduct of the correctional officers on January 17, 2007. (Complaint, Section 5A, First Claim, at 5, and attachment.) Taking as true plaintiff's allegation that the misbehavior report was inaccurate or even deliberately falsified, see Cooper v. Pate, 378 U.S. 546 (1964) (directing the Court to accept as true all complaint allegations when it makes its preliminary screening of the complaint under 28 U.S.C. § 1915), the allegation does not state a constitutional violation because an inmate has no constitutional immunity from being falsely written up. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being

5

falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), cert. denied, 485 U.S. 982 (1988); Husbands v. McClellan, 957 F. Supp. 403 (W.D.N.Y. 1997). The only constitutional violation that could occur in this situation is if plaintiff were not provided adequate due process in any proceeding which is based upon the misbehavior report. In that case, the claim is not based on the truth or falsity of the misbehavior report but instead on the conduct of the hearing itself. Accordingly, the claims against defendant Sergeant Andrus are dismissed with prejudice.

### 2. Claims Against Dr. Bush and Officers Buchan and Webster

*(a.) Dr. Bush*

As noted, the complaint refers to Dr. Bush and alleges that he denied plaintiff medical attention in order to cover-up for the acts of the staff at Orleans. (Complaint, Section 5A, Second Claim, at 6.) The complaint, however, does not allege anything more relating to the claim against Bush and, therefore, fails to state a claim upon which relief can be granted as against him. Plaintiff will be provided leave to file an amended complaint against Bush which alleges a cognizable claim under the Eighth Amendment.

A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). *See also Ross v. Kelly*, 784 F.Supp. 35, 43-44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992). "A serious medical

condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)). The Second Circuit pointed out that

> [medical] conditions ... vary in severity and ... a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case. Thus, a prisoner with a hang-nail has no constitutional right to treatment, but if prison officials deliberately ignore an infected gash, "the failure to provide appropriate treatment might well violate the Eighth Amendment."

*Id.* (quoting *Chance*, 143 F.3d at 702).

Nothing in plaintiff's allegations indicate that Bush chose to ignore a medical problem, even assuming he was aware of one, that could have led to plaintiff's further injury or the infliction of pain. Plaintiff makes no allegations related to any injuries he suffered either as a result of allegedly eating parts of a mouse or being assaulted, nor does he allege how Bush denied him treatment. He therefore has not alleged either a serious medical need or that Bush was deliberately indifferent to said need. An isolated failure to provide medical treatment, without more, is generally not actionable unless "the surrounding circumstances suggest a degree of deliberateness, rather than inadvertence, in the failure to render meaningful treatment." *Gil v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987). The Court finds that there are simply no allegations that plaintiff suffered a serious medical need and that Bush exhibited any degree of

deliberateness. Therefore plaintiff has failed to allege a constitutional violation against Bush and unless he files an amended complaint as directed by **October 21, 2010**, the claims against Bush will be dismissed with prejudice.

*(b.) Buchan and Webster*

As to Buchan and Webster, the complaint simply refers to them in the Second Claim (Complaint, at 5-6), but does not allege that they engaged in any specific conduct that violated plaintiff's constitutional rights. The form complaint asks plaintiff to "give the name and position of each defendant involved in th[e] incident" and to "briefly state what each defendant named above did." (*Id.*) Plaintiff identifies "John Doe, John Doe, John Doe, John Doe (Buchan, Webster and T. Andrus)" as the defendants involved in the incident alleged (*id.*, at 5), and states that "these officers put a dead mouse in [his] food to retaliate [against him] for the complaints and grievances he wrote against them. They beat [him] and told [him] this isn't the last time [he would] be punished like this." The attachment, which plaintiff used to continue his allegations, is a more detailed summary of the allegations set forth in the form complaint, does not allege that Buchan, Webster and Andrus were the correctional officers whom either allegedly placed the dead mouse in his food or the correctional officers who assaulted him or both. It appears from the allegations that plaintiff is claiming that it was the four John Doe Correctional Officers whom were the correctional officers that placed the mouse in his food and assaulted him on January 17, 2007.

8

Accordingly, before the Court dismisses the complaint against Buchan and Webster for the failure to state a claim against them, see Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995), plaintiff will be provided an opportunity to file an amended complaint which must set forth any alleged unconstitutional conduct these defendants allegedly engaged in. See Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

### B. John Doe Defendants

The complaint alleges (or presumably so) that on January 17, 2007, on C-1 Gallery, four John Doe Correctional Officers placed a mouse in his food in retaliation for prior complaints and grievances plaintiff had made and assaulted him a short time after he screamed about finding a mouse in his food. Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997)(per curiam), the Court requests that the New York State Attorney General's Office, Buffalo Region, whom in all likelihood will appear for defendants herein once served, attempt to ascertain the full names of the John Doe Correctional Officers plaintiff seeks to sue. The Attorney General's Office is also requested to provide the addresses where all of the defendants can currently be served. The Attorney General's Office need not undertake to defend or indemnify these individuals at this juncture. This order

merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

The New York State Attorney General's Office is hereby requested to produce the information specified above regarding the identities of the John Doe Correctional Officers by **October 21, 2010**. Once, and if, this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued and the Court shall direct service on those defendants.

## **CONCLUSION**

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's claims against Sergeant Andrus regarding the filing of a false misbehavior report are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e). In addition, plaintiff's claims against Buchan and Webster, and his claims against Dr. Bush must be dismissed pursuant to 28 U.S.C. § 1915(e) unless plaintiff files an amended complaint by **October 21, 2010** in which he sufficiently pleads a cognizable claim against them under 42 U.S.C. § 1983, as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's claim against Captain Robinson alleging a procedural due process violation when he found plaintiff guilty of the

violations charged in the allegedly false misbehavior report may proceed at this time.³

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward at this time (Robinson and the John Doe Correctional Officers) so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer upon service.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the claims against Buchan, Webster and Andrus will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) and service will be made of only the due process claims against Robinson and, if identified, the retaliation⁴ and assault claims against the four John Doe Correctional Officers.

---

³*See, e.g., McEachin v. McGuiniss*, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua *sponte* dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting *Moorish Sci. Temple of Am. Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982); *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per curiam*) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

⁴*See* n. 3, *supra*.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted, and the Clerk of the Court is directed to amend the caption to include Dr. Bush, Officer Webster, and Officer Buchan as defendants;

FURTHER, that plaintiff's claim against Sergeant Andrus regarding the filing of a false misbehavior report is dismissed with prejudice and the Clerk of the Court is directed to terminate defendant Andrus as a party to this action;

FURTHER, that plaintiff is granted leave to file an amended complaint regarding <u>only</u> his claims against Buchan and Webster, and his claims against Dr. Bush, as directed above[5] by **October 21, 2010**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **October 21, 2010**, the claims against Buchan and Webster, and the claims against Dr. Bush, will be dismissed with prejudice without further order of the Court and the Clerk of the Court shall terminate defendants Buchan, Webster and Bush as parties to this action; and

---

[5]Plaintiff is reminded that he must also <u>include</u> in this amended complaint his claims against Robinson and the four John Doe Correctional Officers. Because the amended complaint will become the sole complaint in the action, it is the only complaint which will be served on the parties. Failure to include these claims in it means that they will not be preserved for service on the defendants.

12

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **October 21 ,2010**, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order regarding the due process claim upon defendant Robinson and, if identified, the John Doe Correctional Officers regarding the assault and retaliation claims, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, the Clerk of the Court is directed to forward a copy of this Order to the Assistant Attorney General in Charge, New York State Attorney General's Office, Main Place Tower, 350 Main Street, Suite 300A, Buffalo, New York 14202, and the Attorney General's Office is requested to attempt to ascertain the identity of the John Doe Correctional Officers and address at which they can be served, and provide said information to the Court's Pro Se Office by **October 21, 2010**;

FURTHER, that plaintiff's motion for appointment of counsel is denied without prejudice; and

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: Sept 22, 2010

13